UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARWIN MOORE, # 534358,

        Petitioner,                              Case No. 14-cv-13969

v.                                                              Honorable Thomas L. Ludington

LORI GIDLEY,

        Respondent.

_____/

**OPINION AND ORDER DENYING THE MOTION TO HOLD HABEAS PETITION IN ABEYANCE, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

      Petitioner, Darwin Moore, confined at the Oaks Correctional Facility in Manistee, Michigan, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Moore was convicted following a jury trial in the Wayne County Circuit Court of six counts of first-degree criminal sexual conduct, Mich. Comp Laws § 750.520b; and one count of second-degree criminal sexual conduct, Mich. Comp Laws § 750.520c. Petitioner was sentenced as a fourth felony habitual offender to forty seven years, six months to eighty five years on each count. Petitioner claims that he was denied due process when he was tried on a criminal charge that was added during trial, that he was denied a fair trial because of prosecutorial misconduct, that trial counsel was ineffective, and that he was erroneously sentenced under the sentencing guidelines of 2011 and the Truth in Sentencing Act when the charges that he was convicted of occurred prior to the enactment of the guidelines and the act. Petitioner has also filed a motion to hold the petition in abeyance while he exhausts his sentencing claim following his re-sentencing

in the state courts. For the reasons that follow, the motion to hold the petition in abeyance will be denied and the petition for writ of habeas corpus will be denied without prejudice.

**I.**

Petitioner was convicted of the above charges by a jury in the Wayne County Circuit Court. The Michigan Court of Appeals affirmed the petitioner's conviction but remanded the case to the Wayne County Circuit Court for re-sentencing. *People v. Moore*, No. 309651, 2013 WL 2459867 (Mich. Ct. App. June 6, 2013).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court reversed the judgment of the Court of Appeals in part and vacated the petitioner's conviction of first-degree criminal sexual conduct arising from Count 5 of the amended information, remanding the case to the Wayne Circuit Court for amendment of the judgment of sentence. The Michigan Supreme Court denied Petitioner leave to appeal with respect to his remaining claims. *People v. Moore*, 495 Mich. 898, 839 NW2d 475 (2013).

Petitioner claims that he was re-sentenced by the trial court following remand by the Michigan Court of Appeals. Petitioner indicates that he has filed a second appeal to the Michigan Court of Appeals based on the re-sentencing which remains pending in that court.

Petitioner seeks a writ of habeas corpus on the following grounds:

I.   Defendant was denied due process when he was tried in circuit court on charges that were added during the course of trial.

II.   The prosecutor's misconduct denied defendant a fair trial.

III.   Trial counsel's ineffectiveness in failing to object to the trial court's misreading of the information and to the prosecutor's misconduct denied defendant a fair trial.

IV.   The defendant was erroneously sentenced under the Sentencing Guidelines of 2011 and Truth in Sentencing (TIS) when, in fact, the charges he was found

guilty of were committed pre-TIS, thus violating Mr. Moore's constitutional right to be sentenced under accurate information.

Petitioner claims that he is appealing his fourth claim following his re-sentencing. In his motion to hold the petition in abeyance, the petitioner asks that the Court stay the proceedings and hold the petition in abeyance while his appeal from the denial of his re-sentencing remains pending in the state courts and also so that he can subsequently file a motion for post-conviction relief in the state courts at the conclusion of his re-sentencing appeal.

## II.

The petition for writ of habeas corpus must be dismissed, because the petitioner has failed to exhaust his state court remedies with respect to all of his claims. Petitioner's fourth claim remains pending in the state appellate courts following his re-sentencing in the trial court.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) & (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley*, 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich.

1999). The exhaustion requirement applies to any claims which may arise from a re-sentencing. *See, e.g.*, *Prendergast v. Clements*, 699 F. 3d 1182, 1184-85 (10th Cir. 2012). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner claims that he has an appeal from his re-sentencing that remains pending in the Michigan Court of Appeals concerning the convictions challenged in this petition. The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's appeal remains pending in the state appellate courts. *See, e.g.*, *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *see also Puertas v. Overton*, 272 F. Supp. 2d 621, 627 (E.D. Mich. 2003).

Petitioner has failed to exhaust his state court remedies with respect to all of his claims and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S. 269 (2005), in this case, a stay of Petitioner's application for a writ of habeas corpus would be unnecessary, because the present habeas petition was filed with this Court before Petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Although the Michigan appellate courts affirmed Petitioner's conviction, the Michigan Court of Appeals remanded the case to the Wayne County Circuit Court for re-sentencing. Petitioner was re-sentenced by the trial court and now has an appeal from that re-sentencing pending in the Michigan Court of Appeals. Where state appellate courts affirm a habeas petitioner's conviction but reverse his sentence, the judgment against the petitioner becomes final, for commencing the one-year period for filing a habeas petition, when direct

review of the new sentence is completed. *See Rashad v. Lafler*, 675 F. 3d 564, 567-69 (6th Cir. 2012). Because Petitioner's appeal from his re-sentencing is still pending, the one year limitations period has yet to commence. Because the one year limitations period has yet to begin running in this case, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001); *see also Ross v. Bunting*, 1:13–CV–1420; 2014 WL 3053304, at *5, *8-9 (N.D. Ohio July 7, 2014) (declining to hold petition in abeyance in lieu of dismissal when the petitioner's re-sentencing remained pending in the state trial court).

### III.

The petition for writ of habeas corpus will be dismissed without prejudice and a certificate of appealability will be denied. A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid

claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id*.

A certificate of appealability will not issue, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that the petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi*, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The petitioner will also not be granted leave to appeal *in forma pauperis* because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice**.

It is further **ORDERED** that the motion to hold the petition in abeyance, ECF No. 3, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: November 21, 2014                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Darwin Moore #534358 at Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846 by first class U.S. mail on November 21, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS